Eastern District of Kentucky
**F I L E D**
Mar - 23 2020
Robert R. Carr
Clerk, U.S. District Court

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| In Re: <br><br> **COURT OPERATIONS RELATED TO COVID-19** | ) ) ) ) ) ) ) ) )     **GENERAL ORDER** <br>           **No. 20-03** |

\*\*\* \*\*\* \*\*\* \*\*\*

In further response to the COVID-19 pandemic referenced in General Order No. 20-02, and consistent with actions taken by numerous federal, state, and local entities, it is hereby

**ORDERED** as follows:

1. This general order **DOES NOT** apply to any ongoing trials which, at the discretion of the presiding judge, may proceed or be continued as he or she deems appropriate.

2. Except as noted in paragraph 1 above, the continuation of all civil and criminal trials set forth in Paragraph 1 of General Order No. 20-02 shall be extended to all civil and criminal trials scheduled to begin on or before May 1, 2020.

3. All currently-scheduled hearings in criminal cases scheduled to be held or begin on or before May 1, 2020, including all motion hearings, change of plea hearings, and sentencings are **CONTINUED GENERALLY**, subject to further orders of the assigned judge who may exercise discretion to proceed with affected hearings at the scheduled time or otherwise by telephone, video conference, or other means that do not require personal appearance at the respective Courthouse.

With respect to matters continued by this general order, and for the reasons outlined in General Order No. 20-02, based on public health recommendations and the severity of risk

posed to the public the time period of the continuance caused by this general order shall be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the continuance outweigh the best interests of the public and the defendant's right to a more speedy trial. 18 U.S.C. § 3161(h)(7)(A). Subject to intervening orders, the period of exclusion shall be from March 16, 2020 to May 1, 2020. The district judge assigned to the matter may further extend this period if circumstances warrant.[1]

4.  Initial appearances on indictments and complaints, as well as alleged violations of pretrial or supervised release or probation, and detention hearings will proceed with utilization of remote attendance to the fullest extent practicable. However, appearances in any such matters ordered by summons will be continued to a date after May 1, 2020. If facilities

---

[1] On March 11, 2020, the World Health Organization characterized COVID-19 a pandemic. (*See WHO Director-General's opening remarks at the media briefing on Covid-19*, https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020 (last updated Mar. 11, 2020).) Thereafter, On March 13, 2020, President Donald Trump declared a national emergency. (*See Remarks by President Trump, Vice President Pence, and Members of the Coronavirus Task Force in Press Conference*, https://www.whitehouse.gov/briefings-statements/remarks-president-trump-vice-president-pence-members-coronavirus-task-force-press-conference-3/ (issued Mar. 13, 2020).) To slow the viral spread, the President and the White House Coronavirus Task Force, on March 16, 2020, issued guidance recommending that Americans "[w]ork or engage in schooling from home whenever possible." (*See Coronavirus Guidelines for America*, https://www.whitehouse.gov/briefings-statements/coronavirus-guidelines-america/ (issued Mar. 16, 2020).)

These statements, declarations, recommendations and guidance further support the Court's finding that "the ends of justice served by [this general order] outweigh the best interest of the public and the defendant" (or defendants) in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A); *cf. United States v. Scott*, 245 F. App'x 391, 394 (5th Cir. 2007) (affirming excludability of "Hurricane-Katrina-related continuance"); *In re Extension of Certain Deadlines in Criminal Cases as a Result of Hurricane Sandy & Court Closure*, 2012 WL 5359631, at *1 (S.D.N.Y. Oct. 29, 2012) (excluding delay attributable to Hurricane Sandy for "any pending criminal cases requiring action by a grand jury[.]"). The judge assigned to the respective matter will re-set proceedings as soon as the concerns motivating the general continuance sufficiently dissipate.

are available, judges assigned to these matters may conduct proceedings by video conference with such consent of the parties as may be deemed necessary or required by statute or the Federal Rules of Criminal Procedure.

5. Subject to the exception below for temporary restraining orders, preliminary injunctions, and other emergency matters, all in-person hearings in civil cases scheduled through May 1, 2020, are **CONTINUED GENERALLY**. The assigned judge in each case may exercise discretion to proceed with the hearing at the scheduled time or otherwise by telephone, video conference, or other means that do not require personal appearance at the respective Courthouse.

6. Absent exceptional circumstances, all hearings in emergency matters, including requests or applications for temporary restraining orders and preliminary injunctions, shall be conducted by telephone, video conference, or other means that do not require in-person attendance of parties, counsel, and witnesses.

7. If a prison, jail or detention facility utilized by this district informs the United States Marshal ("USMS") that an inmate is ill, the inmate shall not be brought to the respective Courthouse that day, and the USMS shall inform the appropriate judge of that fact.

8. All naturalization ceremonies scheduled through May 1, 2020, are **CONTINUED GENERALLY** and may be rescheduled by subsequent notice.

9. All settlement conferences scheduled through May 1, 2020, are **CONTINUED GENERALLY**. Questions concerning rescheduling settlement conferences should be directed to the judge assigned to conduct the settlement conference.

10.     All misdemeanor and petty offense dockets scheduled through May 1, 2020, are **CONTINUED GENERALLY**.  New dates for the cases scheduled on such dockets shall be rescheduled without the need to file motions with the Court.

11.     For all Complaints filed pursuant to the False Claims Act, 31 U.S.C. § 3729 *et seq.*, which remain under seal, the Court finds that, pursuant to 31 U.S.C. § 3730(b)(3), good cause exists to grant the United States an extension of time in which to intervene in said actions due to the COVID-19 pandemic and the logistical constraints it has created.  For all sealed *qui tam* actions filed pursuant to 31 U.S.C. § 3729 *et seq.*, the United States shall have an additional 60 days from the current intervention deadline in which to intervene in said action or to notify the Court that it declines to do so.  Nothing in this general order shall be construed to limit the United States from seeking additional extensions of time in said cases.

12.     The Courthouses in this district remain open for mission-critical functions of the judiciary, but the public and members of the bar are directed to come to Courthouses only as necessary for official court-related activities, including case filings that cannot be submitted electronically, attendance for in-person criminal hearings as described above, and similar appearances.  Further, effective **Tuesday, March 24, 2020**, through **May 1, 2020**, all Courthouses in this district will be open to the public on a restricted schedule, **Monday through Friday** (excluding holidays), **from 10:00 a.m. Eastern Time to 2:00 p.m. Eastern Time**.

13.     It is further **ORDERED** that the following individuals shall not enter any United States Courthouse in the Eastern District of Kentucky:

    a. any person who has traveled internationally within the past 14 days prior to the date of the entry of this general order or the date on which such individual is seeking entry into a Courthouse within this district;

    b. any person who resides or has been in contact with someone who has traveled internationally within the past 14 days;

    c. any person who has been asked to self-quarantine by any doctor, health professional, hospital, health agency, or other healthcare provider;

    d. any person who has been diagnosed with or has had contact with anyone who has been diagnosed with COVID-19; or

    e. any person experiencing fever, cough, or shortness of breath.

  To ensure the implementation of this provision, the USMS and Court Security Officers are **DIRECTED** to screen all visitors entering any United States Courthouse located within the Eastern District of Kentucky consistent with these visitor restrictions and shall deny entry to anyone attempting to enter in violation of this general order.

  14. Except to the extent amended by this general order, all other provisions of General Order No. 20-02 remain in effect.

  15. As dictated by the ever-changing circumstances and the anticipated increase in community spread of COVID-19, the Court may issue further responses, orders, and directives as the situation requires, including possible extensions of the timeframes set forth in this general order.

Dated:  March 23, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky